## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANNE MARIE CREGGER | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-15-818 |
| | * | |
| STATE OF MARYLAND, CENTRAL | * | |
| COLLECTION UNIT | * | |
| | ****** | |

### MEMORANDUM

This is an appeal from an order of the Bankruptcy Court denying Anne Marie Cregger's motion to reopen her bankruptcy proceedings. Underlying the Bankruptcy Court's denial of the motion was its belief that the restitution obligation imposed upon Cregger in juvenile delinquency proceedings involving her son was not dischargeable. The issue presented is a close one, but in my view the restitution obligation imposed upon Cregger was dischargeable. Accordingly, the order of the Bankruptcy Court denying Cregger's motion to reopen will be reversed.

I.

Cregger's son committed certain acts which resulted in a finding of juvenile delinquency in the Circuit Court for Cecil County. A series of restitution orders totaling $75,458.20 was entered against the son, and a judgment was entered against Cregger in the same amount. On January 11, 2012, Cregger filed a Chapter 7 petition, and a discharge was issued pursuant to 11 U.S.C. §2727 on April 10, 2012. The restitution amount was payable to the State of Maryland Central Collection Unit ("CCU") which, presumably, would process any restitution payments made and forward them to the victims of the juvenile's delinquency. Cregger scheduled the

1

claim of the CCU in her petition, and her counsel attempted to negotiate a resolution of the liens

with the CCU. He was unsuccessful and in July 2014, Cregger's wages were attached. Cregger

(through her former counsel) again was unable to obtain a voluntary resolution of the

attachments. Cregger was advised that her tax refunds would be seized, and she then filed a

motion to reopen her bankruptcy proceedings.

The Bankruptcy Court held two hearings on the motion and eventually denied it.

II.

11 U.S.C. §523(a)(7) provides that a debit which "is for a fine, penalty, or forfeiture

payable to and for the benefit of a governmental unit, and is not compensation for actual

pecuniary laws" is not subject to discharge. Under Maryland law restitution ordered against a

child in a juvenile delinquency proceeding is rehabilitative in nature. *See In re Herbert B.*, 303

Md. 419, 427-28, 494 A.2d 680, 684 (1985). The Maryland Court of Appeals has held, however,

that an order of restitution against the parent of a juvenile offender is "penal" or "retributive" in

nature. *See e.g., Robey v. State*, 397 Md. 449, 459, 918 A.2d 499, 505 (2007). In light of this

language, it is not at all surprising that the Bankruptcy Court believed that the restitution order

entered against Cregger was not dischargeable.

I am of a different view, however, for several reasons. First, juvenile delinquency

proceedings are not criminal in nature. Second, although the parents of the juvenile delinquent

can be held liable for restitution owed to victims, it is not their own conduct that is adjudicated in

the juvenile delinquency proceedings. Thus, the restitution order involved in this case is unlike

the monetary judgment imposed in a civil action brought to enforce the antifraud provision of the

Interstate Land Sales Full Disclosure Act or under state consumer protection statutes which have

been found to be nondischargeable. *See U.S. Dep't of Housing & Urban Dev. v. Cost Control*

2

*Marketing & Sales Mgmt of Virginia, Inc.*, 64 F.3d 920, 927-28 (4th Cir. 1995); *In Re Hessler*, No. 09-13371-JS, Adv. No. 11-00992-JS, 2013 WL 5429868, at *3 (Bankr. D. Md. Sept. 30, 2013). Third, although every parent wants her or his child to be well behaved, free will exists, and a parent's inability to make his or her child law abiding is not penal in nature.[1]

Fourth, *Kelly v. Robinson*, 479 U.S. 36 (1986), heavily relied upon by the CCU, is plainly distinguishable. That case involved a restitution order entered against the defendant in a state criminal court proceeding, and under Connecticut law (which was applicable in *Kelly*) restitution was not compensatory in nature but "provide[d] for a flexible remedy tailored to the defendant's situation." 479 U.S. at 36. *Kelly* is clearly different from the present case which involves a juvenile proceeding against someone other than the person against whom restitution is ordered and where the uneven amount of the restitution order reflects that the order is intended to be compensatory in nature.

### III.

As to the timeliness of the motion, I find in favor of Cregger. The motion was filed as soon as it became apparent that the CCU was adamant about enforcing its lien (that I find had been discharged).

### IV.

The only relief that I am technically granting is a reversal of the order of the Bankruptcy Court denying Cregger's motion to reopen. However, in the final analysis I am finding that not only was the motion to reopen timely but also that the debt imposed by the restitution order imposed upon creditor is dischargeable. Therefore, I ask the parties to confer with one another

---

[1] Of course, if a parent is negligent in performing her or his child-rearing responsibilities, the victim of an act of juvenile delinquency committed by the child may bring a civil action against the parent.

and report to me on or before October 14, 2015 as to whether they are able to agree upon a form of order that would prevent the waste of time and resources that a remand would entail.

Date: 10/1/15

J. Frederick Motz
United States District Judge

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 OCT -1 PM 2: 24

CLERK'S OFFICE
AT BALTIMORE

BY_____
DEPUTY